SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Todd Raines,                                         ) No. CV 10-1817-PHX-DGC (ECV)
                                                     )
                    Plaintiff,                       ) **ORDER**
                                                     )
vs.                                                  )
                                                     )
Corrections Corporation of America, et al.,)
                                                     )
                    Defendants.                      )
_____)

        Plaintiff Todd Raines, who is a Hawaiian inmate confined in the Saguaro Correctional
Center (SCC) operated by Corrections Corporation of America (CCA) in Eloy, Arizona,
filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee in
full.  (Doc. 1, 4.)  The Court will order Defendants Miller and Griego to answer Counts I, II,
and IV of the Complaint and will dismiss the remaining claims and Defendants without
prejudice.

**I.      Statutory Screening of Prisoner Complaints**

        The Court is required to screen complaints brought by prisoners seeking relief against
a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
be granted, or that seek monetary relief from a defendant who is immune from such relief.
28 U.S.C. § 1915A(b)(1), (2).

TERMPSREF

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.   Complaint

Plaintiff alleges four counts for violation of his First and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc-1 – 2000cc-5.  Plaintiff sues CCA and the following CCA employees: Managing Director, Division VII, Darren Swenson; SCC Warden Todd Thomas; Assistant Wardens Ben Griego and Jodie Bradley; and Chaplain Charles Miller.  Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

1       All of Plaintiff's claims are based on the following facts: Plaintiff is an adherent of
2   the Essene faith.  On March 23, 2010, Plaintiff submitted a request to Warden Thomas
3   seeking a diet required by the Essene faith.  On March 25, 2010, Assistant Warden Griego
4   denied Plaintiff's request.

5       Meanwhile, on March 24, 2010, Plaintiff submitted a request to Chaplain Miller
6   asking to receive the diet required by his Essene faith.  The same day, Plaintiff also requested
7   that Miller authorize him to "have access to commissary items from . . . canteen services to
8   accommodate [his] Essene (religious) dietary requirements."  (Doc. 1 at 3.)  On April 8,
9   2010, Miller responded to Plaintiff's requests by telling him that he would be provided a
10  kosher diet and denied other accommodation.

11      On April 9, 2010, Plaintiff submitted an informal resolution regarding the responses
12  from Griego and Miller to his requests for an Essene diet.  On April 22, 2010, Griego
13  responded by informing Plaintiff that "'You are on a kosher religious diet.  We will not
14  accommodate a <u>special</u> diet for you that is not currently available.'"  (<u>Id.</u> at 3A.)  On April
15  22, 2010, Plaintiff submitted a formal grievance regarding Griego's response.  On April 30,
16  2010, Assistant Warden Bradley responded by informing Plaintiff that "'We will not approve
17  a diet that is not currently available.'"  (<u>Id.</u>)  The same day, Plaintiff submitted a grievance
18  appeal regarding Bradley's response.  On May 5, 2010, Warden Thomas denied Plaintiff's
19  appeal.

20  **III.   Failure to State a Claim**

21      To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
22  conduct about which he complains was committed by a person acting under the color of state
23  law and (2) the conduct deprived him of a federal constitutional or statutory right.  <u>Wood v.</u>
24  <u>Ostrander</u>, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional
25  claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
26  a particular defendant and he must allege an affirmative link between the injury and the
27  conduct of that defendant.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

TERMPSREF 28

1

**A.    CCA**

2        Plaintiff sues CCA, a private corporation.  Claims under § 1983 may be directed at

3   "bodies politic and corporate."  Monell v. New York City Dep't of Soc. Servs., 436 U.S. 686,

4   688-89 (1978).    Under the Civil Rights Act of 1871, Congress intended municipal

5   corporations and other local government units to be included among those persons to whom

6   §1983 applies.  Id. at 2035.  That proposition has been extended to corporations that act

7   under color of state law.  See Sable Commc's of Cal. Inc. v. Pacific Tel. & Tel Co., 890 F.2d

8   184, 189 (9th Cir. 1989) (willful joint participation of private corporation in joint activity

9   with state or its agent taken under color of state law).

10       There are four ways to find state action by a private entity for purposes of § 1983:  (1)

11  the private actor performs a public function, (2) the private actor engages in joint activity

12  with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or

13  (4) there is a governmental nexus with the private actor.  Kirtley v. Rainey, 326 F.3d 1088,

14  1093 (9th Cir. 2003).  Under the public function test, "the function [performed by the private

15  actor] must traditionally be the exclusive prerogative of the state."  Parks Sch. of Bus., Inc.

16  v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); see Kirtley, 326 F.3d at 1093; Lee v. Katz,

17  276 F.3d 550, 554-555 (9th Cir. 2002).  A privately owned corporation that operates prisons

18  pursuant to a contract with a state performs a public function that is traditionally the

19  exclusive prerogative of the state.  Further, to state a claim under § 1983 against a private

20  entity performing a traditional public function, a plaintiff must allege facts to support that his

21  constitutional rights were violated as a result of a policy, decision, or custom promulgated

22  or endorsed by the private entity.  See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997);

23  Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Wall v. Dion, 257 F.

24  Supp.2d 316, 319 (D. Me 2003); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727

25  (4th Cir. 1999); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990);

26  Lux by Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989); Iskander v. Village of Forest

27  Park, 690 F.2d 126, 128 (7th Cir. 1982).

**TERMPSREF** 28

1    CCA performs a traditional public function, i.e., operating a prison.  However,

2    Plaintiff fails to allege facts to support that CCA promulgated or endorsed a policy or custom

3    that resulted in the alleged violation of Plaintiff's federal rights.  Plaintiff makes only

4    conclusory and vague assertions that "Defendants" policies, practices, or customs have

5    resulted in a violation of his federal rights.  Plaintiff fails to allege specific facts against CCA

6    and instead appears to predicate liability solely on *respondeat superior*.  There is no

7    *respondeat superior* liability under § 1983, so a defendant's position as the employer of

8    someone who allegedly violated a plaintiff's constitutional rights does not make it liable.

9    Monell, 436 U.S. at 691; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  For these

10   reasons, Plaintiff fails to state a claim against CCA and it will be dismissed as a Defendant.

11       **B.      Swenson, Bradley, and Thomas**

12       Plaintiff also sues Division Manager Swenson, Assistant Warden Bradley, and

13   Warden Thomas.  To state a claim against a defendant, a "plaintiff must allege facts, not

14   simply conclusions, that show that an individual was personally involved in the deprivation

15   of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an

16   individual to be liable in his official capacity, a plaintiff must allege that the official acted

17   as a result of a policy, practice, or custom or that the official promulgated a policy, practice

18   or custom resulting in the violation.  See Cortez v. County of Los Angeles, 294 F.3d 1186,

19   1188 (9th Cir. 2001).  As noted in the preceding subsection, there is no *respondeat superior*

20   liability under § 1983, so a defendant's position as the supervisor of someone who allegedly

21   violated a plaintiff's constitutional rights does not make him liable.  Monell, 436 U.S. at 691;

22   Taylor, 880 F.2d at 1045.  A supervisor in his individual capacity, "is only liable for

23   constitutional violations of his subordinates if the supervisor participated in or directed the

24   violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at

25   1045. Further, where a defendant's only involvement in allegedly unconstitutional conduct

26   is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to

27   remedy the alleged unconstitutional behavior does not amount to active unconstitutional

TERMPSREF 28                                          - 5 -

behavior for purposes of § 1983.  <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999); <u>accord</u> <u>Mintun v. Blades</u>, No. CV-06-139-BLW, 2008 WL 711636 at *7 (D. Idaho Mar. 14, 2008); <u>Stocker v. Warden</u>, No. 1:07-CV-00589LJODLBP, 2009 WL 981323 at *10 (E.D. Cal. Apr. 13, 2009).

Plaintiff makes only vague and conclusory assertions that "Defendants" have enacted or enforced a policy, practice, or custom resulting in the violation of his federal rights.  He fails to allege specific facts to support that Swenson, Bradley, or Thomas enacted or enforced a policy, custom, or practice that resulted in the violation of Plaintiff's federal rights. Plaintiff wholly fails to identify any such policy, practice, or custom.  Further, Plaintiff has not alleged facts to support that Swenson, Bradley, or Thomas directly violated his federal rights.   At most, Plaintiff alleges only that Bradley and Thomas denied grievances or grievance appeals, which is insufficient to state a claim.  For these reasons, Defendants Swenson, Bradley, and Thomas will be dismissed.

**C.     Equal Protection**

In Count III, Plaintiff asserts that the denial of his request for an Essene diet violated his Equal Protection rights.  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. Const., amend. XIV; <u>see</u> <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985).  A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny. <u>Massachusetts Bd. of Ret. v. Murgia</u>, 427 U.S. 307, 312 (1976); <u>City of Cleburne</u>, 473 U.S. at 441.  Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor. <u>See</u> <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).  Conclusory allegations do not suffice.  <u>See</u> <u>Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.</u>, 429 U.S.

252, 265 (1977).

Plaintiff asserts that the denial of his request for an Essene diet while other inmates at SCC to receive religious diets has resulted in a preference to inmates of other faiths in violation of Equal Protection.  (Doc. 1 at 5A.)  These assertions are vague and conclusory. Plaintiff otherwise fails to allege specific facts to support that he is being treated differently than other inmates who similarly situated without a reasonable basis therefor.  Accordingly, Plaintiff fails to state an Equal Protection claim and Count III will be dismissed.

**IV.     Claims for Which an Answer Will be Required**

In Counts I, II, and IV, Plaintiff sufficiently alleges a violation of his First and Fourteenth Amendment rights and RLUIPA to state a claim against Defendants Miller and Griego based upon the denial of Plaintiff's request for a religious diet.  These Defendants will be required to respond to these counts.

**V.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

TERMPSREF

1   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

2   comply with any order of the Court).

3   **IT IS ORDERED:**

4       (1)     Count III and Defendants CCA, Swenson, Bradley, and Thomas are **dismissed**

5   without prejudice.

6       (2)     Defendants Miller and Griego must answer Counts I, II, and IV.

7       (3)     The Clerk of Court must send Plaintiff a service packet including the

8   Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

9   Defendants Miller and Griego.

10      (4)     Plaintiff must complete and return the service packet to the Clerk of Court

11  within 21 days of the date of filing of this Order.  The United States Marshal will not provide

12  service of process if Plaintiff fails to comply with this Order.

13      (5)     If Plaintiff does not either obtain a waiver of service of the summons or

14  complete service of the Summons and Complaint on a Defendant within 120 days of the

15  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

16  action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

17  16.2(b)(2)(B)(I).

18      (6)     The United States Marshal must retain the Summons, a copy of the Complaint,

19  and a copy of this Order for future use.

20      (7)     The United States Marshal must notify Defendants of the commencement of

21  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

22  Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The

23  Marshal must immediately file requests for waivers that were returned as undeliverable and

24  waivers of service of the summons.  If a waiver of service of summons is not returned by a

25  Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

26  Marshal must:

27          (a)  personally serve copies of the Summons, Complaint, and this Order upon

TERMPSREF 28                                              - 8 -

Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

    (8)    **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

    (9)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

    (10)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (11)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

    DATED this 6th day of October, 2010.

_____
David G. Campbell
United States District Judge

TERMPSREF

- 9 -