**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Raines,<br><br>  Plaintiff,<br><br>v.<br><br>Corrections Corporation of America, et al.,<br><br>  Defendants. | No. CV-10-01817-PHX-DGC<br><br>**ORDER** |

Plaintiff Todd Raines is currently confined at Saguaro Correctional Center ("SCC") in Eloy, AZ. In 2010, Raines filed suit for religious discrimination against Corrections Corporation of America ("CCA"), which owns and manages SCC, and five SCC employees. Doc. 1. The parties ultimately settled, and on November 16, 2011, the Court received a signed stipulation from Raines dismissing all claims. Doc. 100. On November 22, 2011, the Court dismissed the action with prejudice, entered a final judgment, and closed the case. Doc. 101. Nearly four years later, on July 1, 2015, Raines filed a "Motion to Disaffirm the Nonbinding Settlement Agreement," which is now before the Court. Doc. 102. The matter is fully briefed, and neither party has requested oral argument. The Court will deny the motion.

**I.  Legal Standard.**

Because a final judgment has been entered in this matter and the case is closed, the Court construes Raines' motion as one brought pursuant to Rule 60(b). Under that rule, a

court may grant a motion for relief from a final judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (quoting Fed. R. Civ. P. 60(b)). "A motion under Rule 60(b) must be made within a *reasonable time* – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added).[1]

## II.   Analysis.

Raines argues that the settlement agreement should be set aside because he signed it under duress. He raises several other claims unrelated to his original case, specifically that Defendant Ben Griego has retaliated against him, that he has been denied access to the law library, and that Defendants have not provided accommodations for his extensive list of physical impairments. The motion will be denied for several reasons.

First, the motion is untimely. Rule 60(b) motions must be filed within a reasonable time after judgment. Raines waited more than three and one-half years to file a motion to set aside the settlement agreement, claiming that he was under duress when he signed it. These circumstances should have been raised with the Court when the agreement was negotiated, and if not then, within a reasonable amount of time after the Court entered judgment. Raines provides no legitimate excuse for such a lengthy delay, and the Court finds the three and one-half years unreasonable. *See United States v. Soto-Valdez*, No. CV-99-1591-PHX-RCB, 2013 WL 5297142, at *12 (D. Ariz. Sept. 19, 2013) (noting that "[c]ourts have routinely held that delays of less than three years in seeking Rule 60(b)(6) relief are not reasonable" and listing cases).

Second, even if the motion was timely, it is meritless. Generally, the release of claims brought pursuant to 42 U.S.C. § 1983 is governed by federal law. *See Hisel v.*

---

[1] Raines cannot rely on Rule 59(e), as a motion to alter or amend a judgment must be filed within 28 days after entry of the judgment.

*Upchurch*, 797 F. Supp. 1509, 1517-18 (D. Ariz. 1992) ("In particular, release of a civil rights claim has been held to be controlled by federal common law. Such is the rule regarding a release of claims arising under 42 U.S.C. § 1983, as in the case at hand."). Federal courts apply the general principles of contract law in determining the validity of a settlement agreement, s*ee id.* at 1518-19, and the burden is on the party attacking the settlement to show that the agreement was "tainted with invalidity," *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948). "A release of claims under § 1983 is valid only if it results from a decision that is 'voluntary, deliberate, and informed.'" *Hisel*, 797 F. Supp. at 1519 (quoting *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981)).

Raines claims that Defendants told him he "would be administratively segregated on October 27, 2011 unless [he] agreed to a Settlement Agreement[.]" Doc. 102 at 6. But Raines never brought this allegation to the Court before he signed the agreement on November 15, 2011. In fact, Raines raised no complaints with the agreement for nearly four years, and he does not dispute that he has received the benefits of the agreement, which included a monetary payment, reinstatement of prison employment, designation of religion, and participation in the prison's kosher meal program. Doc. 104 at 8, n.2. There is no evidence that Raines lacked the mental capacity to enter into the agreement or that he did not understand the consequences of releasing his claims. Raines cannot now be heard to complain of his voluntary and informed decision to settle with Defendants.

Third, the settlement agreement released Defendants from any and all "claims of liability arising from [Raines'] incarceration at [SCC] . . . , including any and all liability on account of any and all alleged damages and/or injuries sustained or incurred by [Raines] . . . that allegedly took place on or about March 23, 2010 – October 20, 2011[.]" *Id.* at 15. This specifically included any claims arising out of "alleged subsequent retribution and retaliation" by all Defendants. *Id.* Thus, to the extent that Raines complains of Defendants' conduct during the period covered by the agreement, these claims are barred. *See* Doc. 109 at 4, 5. In addition, the Court will not address Raines'

new claims relating to his alleged disabilities and the circumstances surrounding his access to the law library as these claims were not contained in his original complaint and a Rule 60(b) motion cannot be used to raise new claims in a closed case.

**IT IS ORDERED** that Raines' motion to disaffirm the settlement agreement (Doc. 102) is **denied**.

Dated this 17th day of August, 2015.

David G. Campbell
United States District Judge